UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS KNAPEREK,** | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-16543 |
| | ) |
| v. | ) |
| | ) |
| **JEWEL FOOD STORES, INC.,** | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, DENNIS KNAPEREK ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against JEWEL FOOD STORES, INC., ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA"); and the Americans with Disabilities Act of 1990, as amended, ("ADA"), seeking redress for Defendant's discrimination against Plaintiff, Defendant's failure to accommodate Plaintiff, and Defendant's retaliation against Plaintiff for requesting accommodations.

2. This lawsuit also arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*; and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**PARTIES**

4. At all times material to the allegations of this Complaint, Plaintiff, Dennis Knaperek, resided in Cook County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, Jewel Food Stores, Inc. is a corporation doing business in and for Cook County at 7910 S. Cicero Avenue Burbank, IL 60459. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f); the ADA, 42 U.S.C. § 12111(4); and the ADEA, 29 U.S.C. §631.

6. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f); the ADA, 42 U.S.C. § 12111(4); and the ADEA, 29 U.S.C. §631.

7. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by Title VII, the ADA, and the ADEA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A); and 42 U.S.C. § 2000e(b).

8. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§

2611(4).

## PROCEDURAL REQUIREMENTS

9. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* have occurred or been complied with.

10. A charge of employment discrimination on basis of sex, disability, age, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

11. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12. Plaintiff worked for the Defendant as a clerk from November 2020 through December of 2022.

13. Plaintiff was qualified to perform his position with accommodations.

14. Plaintiff's job duties included, placing merchandise in bags and carts; retrieving grocery carts from parking lots; assisting customers with loading/unloading their groceries; maintaining the premises by shoveling, salting walkways, sweeping and mopping; eliminate spills, maintain clean floors and surfaces.

15. Plaintiff suffers from a disability that significantly limits one or more of his major life activities.

16. Specifically, Plaintiff suffers from diabetes, a chronic disorder that affects his ability to turn food into energy.

17. Plaintiff is a male, and over the age of 60 at all times material.

18. On or about July 1 2022, Plaintiff required leave from work due to a complication from his disability.

19. Specifically, Plaintiff required the amputation of one of his toes.

20. As a result, Plaintiff sought leave under the FMLA.

21. However, Defendant's Human Resources department informed Plaintiff that he did not qualify for FMLA.

22. Plaintiff asked for clarification because he believed he worked the required amount of hours to qualify for FMLA, but Defendant failed or refused to provide any further explanation regarding FMLA eligibility.

23. Following Plaintiff's surgery to amputate his toe, he made a request for accommodations to his manager.

24. Specifically, Plaintiff requested accommodations to be relieved of lifting heavy rugs, and working alone outside in the dark gathering shopping carts.

25. Initially, Plaintiff's manager indicated the accommodations would not be a problem.

26. However, on or about July 17, 2022, Defendant informed Plaintiff that it would not grant his request for accommodations or provide any other accommodations.

27. Plaintiff provided doctors notes on several occasions which indicated he could perform most of his tasks, but that he needed relief from lifting heavy objects and working alone, outside in the dark to the risk of slipping.

28. Defendant claims it could not grant this request and that if Plaintiff was unable to lift the heavy rugs and gather shopping carts at night, then he would be terminated.

29. However, Defendant did not require its female clerks to lift the heavy rugs, and often excused them from collecting shopping carts at night.

30. Thus, Defendant is clearly able make such accommodations, but only does so for female employees, showing clear favoritism for female employees to the detriment of Plaintiff.

31. Because Defendant refused to accommodate Plaintiff, Plaintiff was effectively terminated from employment in or about December 2022.

32. Plaintiff believes that he was replaced with non-disabled individuals under the age of 40, showing Defendant's clear preference for younger, non-disabled workers.

33. Plaintiff suffered adverse employment actions, specifically, termination.

34. Plaintiff can show that he engaged in statutorily protected activity because Plaintiff made several requests for accommodations to Human Resources.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

37. Plaintiff met or exceeded performance expectations.

38. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

39. Plaintiff was refused accommodations on the basis of his sex.

40. Plaintiff was terminated on the basis of his sex.

41. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex, male.

42. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

49. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

50. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

53. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

55. Plaintiff is a qualified individual with a disability.

56. Defendant was aware of the disability and the need for accommodations.

57. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

58. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

59. Defendant did not accommodate Plaintiff's disability.

60. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

61. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of the Americans with Disabilities Act
### (Retaliation)

63. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

64. Plaintiff is a member of a protected class under 42 U.S.C. §12101, et seq.

65. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

66. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

67. In response to Plaintiff's request for accommodations, Defendant terminated Plaintiff's employment.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting disability-based harassment and/or discrimination and requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

69. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

72. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq.

74. Plaintiff met or exceeded performance expectations.

75. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

76. Defendant treated younger employees more favorably than Plaintiff.

77. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

78. Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age.

79. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

80. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

81. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

82. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

83. Defendant terminated Plaintiff because he requested and took leave as described above.

84. Specifically, Plaintiff requested FMLA leave when he required surgery on his toe.

85. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for having requested to take leave for medical reasons.

86. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

87. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Compensatory and punitive damages;

    e. Liquidated damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of December, 2023.

/s/ *Travis Lampert*
**TRAVIS LAMPERT, ESQ.**
Bar No.: 99483
**NATHAN C. VOLHEIM, ESQ.**
Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Phone (630) 581-5456
Fax (630) 575-8188
Lombard, Illinois 60148
tlampert@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Attorneys for Plaintiff*